[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10159

_____

LISA A. REED,

                                                    Plaintiff-Appellant,

*versus*

PEDIATRIC SERVICES OF AMERICA INC,

                                                    Defendant-Appellee,

LAURA RHODES,
SHELY GENTRY,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:20-cv-00064-HLM

_____

Before JILL PRYOR, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

This appeal from summary judgment returns to us following a limited remand to confirm the accuracy of a key piece of record evidence—the transcript of appellant Lisa Reed's deposition. The record on remand has confirmed the transcript's accuracy and revealed the falsity of Reed's repeated assertions to the contrary. Reed's flagrant factual misrepresentations render her appeal frivolous. Accordingly, as set out below, we dismiss the appeal.

I.

The underlying facts of this appeal are set out in detail in our April 18, 2022 limited remand order. In short, proceeding pro se, Reed filed an employment discrimination action against her former employer, Pediatric Services of America Inc. ("Pediatric"). During discovery, Pediatric took Reed's deposition. After reviewing the transcript, Reed filed a motion challenging its accuracy, swearing under penalty of perjury that the transcript misquoted her deposition testimony and omitted some portions. In response,

Pediatric submitted a declaration—unsworn—from an employee of the court reporter service responsible for transcribing Reed's deposition, in which the employee represented that the transcript was accurate. The magistrate judge denied Reed's motion challenging the transcript's accuracy. Later, the district court granted summary judgment in Pediatric's favor.

On appeal, Reed again challenged the accuracy of her deposition transcript. With the benefit of oral argument—where we heard from Reed, Pediatric's counsel, and a court-appointed amicus—we vacated the judgment below and issued a limited remand order in which we instructed the district court to make the audiotape from Reed's deposition available to the parties and, if necessary, to compare any remaining disputed parts of the transcript with the audio in order to confirm whether the transcript was accurate.

On remand, the magistrate judge directed the court reporting service to make the deposition audiotape available to Reed and the court and instructed Reed to listen to the tape and mark any errors. The magistrate judge and his staff then listened to the audiotape and found no substantive discrepancies between the audio and the transcript. After listening to the audio herself, Reed was unable to identify any errors in the transcript.

Faced with the inconvenient truth about her allegations, Reed pivoted to a new theory: that the audiotape from her deposition had somehow been altered. To address this contention, the magistrate held an evidentiary hearing. At the hearing, the

court reporter who transcribed Reed's deposition and her manager at the court reporting service each testified under oath to the deposition audio's accuracy. Reed was given the opportunity to cross-examine both witnesses.

The magistrate judge then issued a report and recommendation in which he found, in keeping with the evidence adduced on remand, that there were "no substantive discrepancies between the audio recordings of Ms. Reed's deposition and the transcript." Thus, the magistrate judge found that Reed's "contention that the deposition transcript is inaccurate is demonstrably false." The magistrate judge further found that the audiotape from the deposition was unaltered. Based on these findings, the magistrate judge recommended that the judgment in Pediatric's favor be reinstated.

The district court adopted the magistrate judge's report and recommendation, agreeing that Reed had "failed to show that the audio recordings of her deposition were somehow altered or that the deposition transcript was inaccurate." The district court noted that "its staff also listened to the audio recordings of Plaintiff's deposition in their entirety" and, like the magistrate judge and his staff, "found no substantive discrepancies." As a result, the district court reinstated the judgment in Pediatric's favor and recommended that we sanction Reed by dismissing her appeal. Jurisdiction has now returned to this Court.

## II.

Reed's appeal is due for dismissal. Sadly, the perfected record indicates that Reed has not been honest with the courts. Under penalty of perjury, Reed asserted in the district court, upon first reviewing her deposition transcript, that the transcript was rife with errors. She repeated those assertions in this Court on appeal and in the district court on remand. It is now crystal clear that those claims never had any factual basis whatsoever. Reed has listened to the deposition audio herself and failed to identify any material inconsistencies between the tape and the transcript. Yet, rather than accept reality, Reed continues to blame mysterious third parties for deceiving the magistrate judge, district court, and this Court.

We doubt that Reed's appeal from summary judgment has any substantive validity. But we need not and do not reach the merits of the appeal. Reed's repeated and groundless distortions of the record have revealed her appeal to be frivolous, such that summary dismissal is warranted without further elaboration.[1] *See*

---

[1] We note again the highly unusual facts of this case. On appeal, we were presented with a record containing, on the one hand, particularized allegations from Reed about the accuracy of her deposition transcript—submitted under penalty of perjury—and on the other hand, an unsworn declaration from a manager at the court reporter service denying those allegations and an audiotape that was not in the record and that Reed had never been given a chance to hear.

There has been some confusion about whether the court reporter service manager's declaration verifying the deposition transcript's accuracy was

11th Cir. R. 42-4 ("If it shall appear to the court at any time that an appeal is frivolous and entirely without merit, the appeal may be dismissed."); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (a lawsuit is frivolous if it involves "claims describing fantastic or delusional scenarios").

The appeal is **DISMISSED**.

---

sworn or otherwise executed under penalty of perjury.  To be clear: the manager's declaration was unsworn.  Nor was it executed under penalty of perjury pursuant to the well-known and specific requirements for unsworn declarations set out in 28 U.S.C. § 1746.  These technicalities matter.  In the future, parties can help themselves and the district courts by ensuring that their witnesses' declarations are sworn under oath or otherwise bear the indicia of trustworthiness outlined in § 1746.